UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JUAN V. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:10CV2045 HEA |
| | ) |
| GREGORY HANCOCK, et al., | ) |
| | ) |
| Defendants. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Juan V. Brown (registration no. 1032491) for leave to commence this action without payment of the required filing fee.

## **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $30.83, and an average monthly balance of $53.37. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $10.67, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 1951-52.

### The Complaint

Plaintiff, an inmate at the Jefferson City Correctional Center, seeks monetary and declaratory relief in this action brought pursuant to 42 U.S.C. § 1983. Named as defendants are Southeast Correctional Center ("SECC") employees Sergeant Gregory Hancock and nurses Amanda Gibson, Pam Lacey, Debbie Deborah, Mickey Lizenbeth, and Deanna Sullivan.

Plaintiff alleges that, on July 2, 2009, defendant Hancock deliberately, forcefully, and repeatedly slammed plaintiff's left arm, wrist, hand, and fingers in a food port, causing plaintiff "to lose a digit of [his] fourth finger on [his] left hand." Plaintiff further alleges that defendants Gibson, Lacey, Deborah, and Sullivan were deliberately indifferent to his serious medical needs by denying him medical care and treatment, as well as prescribed medications. Plaintiff's Eighth Amendment claims against defendants Gregory Hancock, Amanda Gibson, Pam Lacey, Debbie Deborah, and Deanna Sullivan are sufficient to proceed at this time.

Plaintiff alleges that defendant Mickey Lizenbeth "had mark[ed] [him] down for a refusel [sic] that was unknow[n] to plaintiff and without plaintiff's consent." Plaintiff's allegations as to defendant Lizenbeth do not rise to the level of a constitutional violation and fail to state a claim under § 1983. As such, the complaint will be dismissed, without prejudice, as legally frivolous and for failure to state a claim as to defendant Mickey Lizenbeth.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $10.67 within thirty (30) days of the date of this Order. Plaintiff is instructed to make

his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, as to plaintiff's Eighth Amendment claims against defendants Gregory Hancock, Amanda Gibson, Pam Lacey, Debbie Deborah, and Deanna Sullivan, the Clerk shall issue process or cause process to be issued on the complaint.

**IT IS FURTHER ORDERED** that, as to defendant Mickey Lizenbeth, the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 10th day of December, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE