UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JUAN V. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:10CV2045 HEA |
| | ) |
| GREGORY HANCOCK, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Hancock's Motion to Dismiss, [Doc. No. 21], and Plaintiff's Motion to Appoint Counsel, [Doc. No. 26].  Plaintiff opposes the Motion to Dismiss.  For the reasons set forth below, the Motion is granted in part and denied in part.  Plaintiff's Motion to Appoint Counsel is granted.

**Facts and Background**

Plaintiff, an inmate at the Jefferson City Correctional Center, filed this Section 1983 action alleging that Defendant Hancock used excessive force against him in violation of his rights under the Eighth Amendment. Plaintiff alleges that on July 2, 2009, Defendant Hancock deliberately, forcefully and repeatedly slammed Plaintiff's left arm, wrist, hand, and fingers in a food port, causing Plaintiff to lose part of his fourth finger on his left hand.  Plaintiff further alleges

the remaining defendants were deliberately indifferent to his serious medical needs. by denying him medical care and treatment, as well as prescribed medications.  Plaintiff seeks a declaration from this court that the acts and omissions described in the Complaint violated his rights under the United States and Missouri Constitutions.

## Discussion

Defendant Hancock moves to dismiss the action against him for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. When ruling on a motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).  The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009).  While detailed factual

allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir.2010); *Zutz v. Nelson,* 601 F.3d 842, 848 (8th Cir. 2010); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

    Initially, Defendant argues that Plaintiff's Section 1983 claim is barred by

the applicable statute of limitations.  Defendant urges that Section 516.145 of the Missouri Revised Statutes, which provides for a one year statute of limitations, applies to Plaintiff's claims because Plaintiff's claims are brought against "the Department of Corrections or its employees for an act in an official capacity, or by the omission of an official duty."   Since Plaintiff's Complaint was filed on October 26, 2010, Defendant argues that Plaintiff has failed to timely file this action.

The United States Supreme Court, however, has instructed courts to apply the most analogous state statute of limitations to claims filed under § 1983. *Wilson v. Garcia*, 471 US. 261, 266–68 (1985). See also *Bell v. Fowler*, 99 F.3d 262, 266 (8th Cir.1996).  The statute of limitations for an action under 42 U.S.C. § 1983 in the State of Missouri is five years. *Moran-Dopico v. Davis*, 2010 WL 5149251 (Ed. Mo. 2010).

Defendant also urges dismissal under the Eleventh Amendment.  Since Plaintiff sued Defendants in their individual and official capacities, Hancock argues that the claims must be dismissed against him in his official capacity because Plaintiff is seeking an award of monetary damages.  Defendant is correct in his argument.  A suit against a state actor in his official capacity is "tantamount to a lawsuit against the state." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

The Eleventh Amendment immunizes the states from suit, thus, neither a state nor its officials acting in their official capacities are "persons" under § 1983 when sued for damages. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Plaintiff's claims against Defendant Hancock in his official capacity must be dismissed.

Plaintiff has requested appointment of counsel. The Court notes that there is no constitutional or statutory right to the appointment of counsel in a civil case. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In considering a motion to appoint counsel for an indigent plaintiff, the court should "determine whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* at 1005. Based on the allegations of Plaintiff's Complaint, the Court is of the opinion that the parties and the Court will benefit from the assistance of counsel. Therefore, Plaintiff's Motion for the Appointment of Counsel will be granted.

## Conclusion

Based upon the foregoing, Plaintiff's claims against Defendant Hancock in his individual capacity is not barred by the applicable statute of limitations, however, Plaintiff's claims against him in his official capacity are barred by the Eleventh Amendment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Hancock's Motion to Dismiss, [Doc. No. 21], is granted in part and denied in part.  Plaintiff's official capacity claims against Defendant Hancock are dismissed.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel, [Doc. No. 26], is granted.  The Court will appoint counsel in a separate order.

Dated this 29th day of September, 2011.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE