UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JUAN V. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:10-CV-02045-HEA |
| | ) |
| GREGORY HANCOCK, et al., | ) |
| | ) |
| Defendants. | ) |

## **PROTECTIVE ORDER**

Now before this Court is the parties' joint motion for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Upon due consideration, the motion is hereby **GRANTED**.

**IT IS HEREBY ORDERED THAT:**

As used in this Order, **CONFIDENTIAL MATERIAL** shall mean and refer to the following: MDOC Investigation File #2009070043.

All **CONFIDENTIAL MATERIAL** shall be retained only in the custody of the respective counsel of record, who shall be responsible for restricting disclosure in accordance with the provisions of this Order. Specifically, counsel of record shall retain all **CONFIDENTIAL MATERIAL** within the confines of his or her personal offices except as is necessary to conduct the present litigation.

All **CONFIDENTIAL MATERIAL** and the facts and information in the **CONFIDENTIAL MATERIAL** shall not be disclosed to any person except as specifically provided for below.

All **CONFIDENTIAL MATERIAL** shall be designated as **CONFIDENTIAL MATERIAL** by marking the words "**CONFIDENTIAL MATERIAL**" or some similar phrase on the face of the documents.

Access to **CONFIDENTIAL MATERIAL** shall be limited to the parties, counsel of record for the respective parties to this action and regular employees and law clerks of said counsel who are assisting in the prosecution of this litigation, expert witnesses identified by any party, consulting experts, and appropriate court personnel in the regular course of litigation.

Disclosure of the **CONFIDENTIAL MATERIAL** to any persons other than counsel of record in accordance with the terms of this Protective Order must be accompanied by a copy of this Protective Order, and counsel must inform said person(s) of the terms of this Protective Order, and said person(s) agrees to be bound by its terms.

If it becomes necessary to submit **CONFIDENTIAL MATERIAL** to the Court in connection with any filings or proceedings in this litigation, the party using it shall move the Court to file such **CONFIDENTIAL MATERIAL** under seal with the Clerk of the Court. Nothing in this Order

shall be construed to restrict the use or disclosure of any documents which a party or non-party shall have acquired from independent sources.

Upon final conclusion of this litigation, counsel to whom **CONFIDENTIAL MATERIAL** has been disclosed shall return such **CONFIDENTIAL MATERIAL**, (and all copies thereof and all other papers containing such **CONFIDENTIAL MATERIAL**) to the party which produced it, or take measures to destroy copies of said **CONFIDENTIAL MATERIAL**.

In addition to the above, defendants shall be permitted to redact dates of birth, social security numbers, personal phone numbers, and addresses of any and all individual correctional officers identified in the **CONFIDENTIAL MATERIAL** and shall not be required to produce or identify dates of birth, social security numbers, personal phone numbers, or addresses of correctional officers.

Either party may challenge the designation of **CONFIDENTIAL MATERIAL** by any other party or any person producing such information. The party seeking to designate information as **CONFIDENTIAL MATERIAL** shall have the burden of proof to prove that the designation is proper.

This Order may be modified or amended by agreement of the parties or upon further Order of the Court.

IT IS SO ORDERED.

Cause Number 4:10cv02045 HEA

DATE: 3-5-12

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE